## CRUMB v. HAMBLETON, *Appellant.*

**Construction of Statute :** HOMESTEAD : TENANTS IN COMMON. Under section 2291, Revised Statutes of United States, where both father and mother die before perfecting an entry of a homestead, and receiving a patent therefor, their heirs are entitled to a patent upon making proof of the facts required by said section, and take as tenants in common.

*Appeal from Stoddard Circuit Court.*—HON. R. P. OWEN, Judge.

REVERSED.

*D. H. McIntyre* for appellant.

(1) If plaintiff has any interest at all in the land, it is the interest of Peter M. Spence, derived through the patent, which was an undivided one-third. R. S., U. S., sec. 2291. Hence plaintiff and defendant were tenants in common. 4 Kent's Com., side pp. 366, 367. To maintain this action plaintiff was compelled to show, on the trial, actual ouster, or that the defendant did some act amounting to a total denial of his right as such co-tenant. R. S., sec. 2248. This he failed to do. "When one joint tenant, parcener, or tenant in common, is in possession, his fellow is, in contemplation of common law, in possession also, and it would be necessary, in order to enable his companion to maintain ejectment, to rebut this presumption by proof of actual ouster." Tyler on Ejectment, 199. (2) If plaintiff was entitled to any interest in the land, it was only a part interest, and having obtained judgment for the whole it must be reversed.

*J. C. Fisher* for respondent.

(1) The fee to this land inured to Peter M. Spence,

he being the only child under twenty-one years of age at the death of the parents. R. S., U. S., sec. 2292. (2) The fact that the patent was issued to the "heirs," instead of Peter M. Spence, is immaterial, because the language of the statute is "heirs," and the question of how many are under the age of twenty-one years, is a matter that must be determined by oral proof, the same as the question of the number of heirs left by a testator would have to be determined, were that question put in issue. 42 Mo. 327, and cases cited ; 13 Johns. 518. The fact that Anna E. Spence applied for the patent for her own benefit, is also immaterial, as she was not entitled to it under the statute, and it was not issued to her, but to the heirs. (3) The position that the heirs are tenants in common cannot be maintained, because this is an estate created by the statute, and the heirs can take only such an estate as is given by it. (4) It is a well settled principle that a patent is the best title known to the law, and that it gives legal seizin and constructive possession, and is conclusive at law, and in ejectment. 5 Peters, 485 ; 13 Peters, 436 ; 13 Wall. 92.

NORTON, J.—This is a suit by ejectment to recover the east half of the southeast quarter, section thirty-five, township twenty-six, range ten. Plaintiff obtained judgment, from which defendant has appealed.

The land in dispute was occupied by John J. Spence, under the act of congress "to secure homesteads to actual settlers on the public domain," till his death, which occurred on the thirteenth day of February, 1871. Spence died before the end of the five years, when proof could be made for the certificate and patent, leaving as his heirs, Mary E. Vaughan, Annie E. Spence, and Peter M. Spence. The latter moved off this land in the fall of 1871, and never occupied it after that time. Annie E. Spence made the proof and obtained the certificate of entry, upon which a patent issued to the heirs

of John J. Spence, dated January 10, 1874; on the twenty-first day of January, 1878, Peter M. and wife, conveyed all their interest in the land in question to this plaintiff; on the sixteenth day of February, 1878, said Annie E. Spence conveyed to this defendant, and he at once entered into possession. This suit was commenced in January, 1881. Plaintiff's claim rested alone on his deed from Peter M. and wife, and the defendant's upon the deed from Annie E., upon his occupation, and acts of Peter M., acknowledging defendant's title. The cause was tried without a jury; there were no declarations of law; judgment was for plaintiff for the land described in the petition.

The patent read in evidence vested the legal title to the land in dispute, "in the heirs of John J. Spence." The evidence shows that there were three of them, namely, Annie E. and Peter M. Spence, and Mary E. Vaughan, and it further shows that Peter M., at the time of his father's death, lacked about six months of being twenty-one years old, and that the two daughters were over that age. Under this state of facts the three children were tenants in common, each owning an equal undivided interest of one-third of the land, unless it be true (as plaintiff contends it is), that the act of congress gives, on the death of the father and mother, the entire homestead interest in the land to Peter M., who was a minor at the time of his father's death. Whether this is so or not, depends on a construction of sections 2291 and 2292, of the Revised Statutes of the United States, which are as follows:

"Section 2291. No certificate, however, shall be given, or patent issued therefor, until the expiration of five years from the date of such entry; and if, at the expiration of such time, or at any time within two years thereafter, the person making such entry; or, if he be dead, his widow; or, in case of her death, his heirs or devisees, * * * proves by two credible witnesses

that he, she, or they, have resided upon, or cultivated the same for the term of five years immediately succeeding the time of filing the affidavit, * * * then, in such case, he, she, or they, if at that time citizens of the United States, shall be entitled to a patent, as in other cases provided by law."

"Section 2292. In case of the death of both father and mother, leaving an infant child, or children, under twenty-one years of age, the right and fee shall inure to the benefit of such infant child or children; and the executor, administrator, or guardian, may, at any time within two years after the death of the surviving parent, and in accordance with the laws of the state in which such children, for the time being, have their domicile, sell the land for the benefit of such infants, but for no other purpose, and the purchaser shall acquire the absolute title by purchase, and be entitled to a patent from the United States on the payment of the office fees, and the sum of money above specified."

It is insisted by counsel for plaintiff that under said section 2292, when the father and mother both die, the fee in the land inures to a minor child, if there be one, to the exclusion of other children who have attained their majority, and that, although the patent in this case conveys the land to the heirs of J. J. Spence, the effect of it is to vest the fee in Peter M. Spence, who was the only child under twenty-one years of age at the time of the death of the father and mother. This construction would be in conflict with section 2291, which provides, in event of the father and mother both dying before perfecting the entry and issuance of the patent, that the heirs or devisees shall be entitled to a patent upon making proof of the facts stated in the section. The two sections should be so construed as to make them harmonious if possible. Section 2292 was doubtless intended to provide for a class of cases, when both father and mother die, before perfecting the home-

stead right, leaving a minor child or children, or of years so tender as to incapacitate them from occupying the premises, and perfecting the entry, and that in all such cases the title should inure to the minor child, or children, and be sold by the executor, or administrator, for their benefit, giving to the purchaser at such sale, a right to a patent from the United States.

We do not think the section was intended to apply when both father and mother died, leaving children, some of whom were of age and some not of age. Such a construction of it as is contended for would nullify the provisions of section 2291, and lead to unjust results, an example of which is to be found in this case. Under it, Peter M., who lacked six months of being twenty-one years old, when his father died, and who moved off the premises soon after his father's death, would get the entire title, while Annie E., his sister, who remained on the premises till the entry could be perfected, and, in fact, perfected it, and procured the certificate of entry on which the patent issued, would get nothing. We must, therefore, hold that under the patent, Peter M. was a tenant in common with the other two heirs, and that his conveyance to plaintiff only passed to him an equal undivided interest of one-third of the land, and that, inasmuch as he recovered judgment for all of it, the judgment must be reversed and cause remanded, which is done. All concur.